IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES M. HOLLOWAY, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:17-CV-180-MHT |
| | ) | [WO] |
| CHAMBERS COUNTY COURTS, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Chambers County Detention Center in LaFayette, Alabama, files this 42 U.S.C. § 1983 complaint alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States are being abridged as a result of his incarceration, the validity of which Plaintiff challenges. Named as the defendant is the Chambers County Courts. Plaintiff requests dismissal of his case and his release from custody. Doc. 1 Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1] .

The court has carefully reviewed the allegations in Plaintiff's complaint. From that review, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(A).

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff's complaint is short on facts. It appears he has been incarcerated for twenty months for an offense with which he claims he was not involved. According to Plaintiff, "the victim . . . l[ied] on him," and "2 C.O. = police guards heard the victim say [he] wasn't there." Doc. 1 at 3. Although Plaintiff states his case was dismissed, he conversely states it is still pending. *Id.*

### A. The Named Defendant

Plaintiff names the Chambers County Courts as the defendant. The law is established that courts are not persons within the meaning of 42 U.S.C. § 1983. *See Moity v. Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976). Dismissal of Plaintiff's complaint against the Chambers County Courts, therefore, is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

### B. The Challenge to Plaintiff's Detention

Plaintiff files this civil rights lawsuit under 42 U.S.C. § 1983 challenging the validity of his current confinement and seeking his release from custody. A § 1983 complaint, however, is not an appropriate remedy for obtaining such relief. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement). Further, § 1983 may not be used to challenge the fact of a plaintiff's state court criminal conviction and/or sentence. Rather, the proper vehicle for mounting such a challenge would be filing a federal petition under 28 U.S.C. § 2254.

In filing this action, Plaintiff seeks as relief dismissal of his criminal charges and his release from custody. The core of his claims concerns matters related to the validity and the legality of his current confinement. When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention or for a petition under § 2254 to attack a state court conviction and/or sentence, a prisoner fails to state a claim under § 1983. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500. A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373 (S.D. Fla. 2000).

The instant collateral attack on the validity of Plaintiff's current confinement is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *See Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court under 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. The Challenge to Pending Criminal Charges**

To the extent Plaintiff seeks intervention by this court into criminal proceedings ongoing before the Circuit Court of Chambers County, Alabama, under well settled federal law, this court must refrain from issuing such relief. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin criminal prosecutions against them in state court. *Id*. at 44-45. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal

3

prosecutions." *Jackson v. Georgia*, 273 Fed. App'x 812, 813 (11th Cir. 2008 (*citing Younger*, 401 U.S. at 37). *Younger*, therefore, directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43-45. The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id.* at 43.

Abstention is required under *Younger* when a state judicial proceeding is pending, the proceedings implicate important state interests and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274. Consequently, to the extent Plaintiff requests declaratory and/or injunctive relief requiring dismissal of pending criminal charges, equity, comity and federalism concerns require the court to abstain from considering these claims.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the named defendant be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's challenge to the validity of his current confinement be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time;

3. Plaintiff's request for declaratory and/or injunctive relief, which entails intervention by this court into the pending state criminal proceedings, be DISMISSED without prejudice under the *Younger* abstention doctrine so Plaintiff may pursue his claims in the state courts;

4. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

It is further

ORDERED that **on or before April 28, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of April 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE